KTC:JHK
F. #2006R01615

CR 06    616

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

FNU LNU,
    also known as "Thavarajah
    Pratheepan," "Raja
    Pratheepan," "Thambi
    Sampras" and "Steeban,"
MURUGESU VINAYAGAMOORTHY,
    also known as "Dr. Moorthy"
    and "Vinayagamoorthy Murugesu,"
VIJAYSHANTHAR PATPANATHAN,
    also known as "Chandru,"
GASPAR RAJ MARIA PAULIAN,
    also known as "Father Gaspar
       Raj,"
NAMASIVAYA VISWANATHAN,
    also known as
    "Visvanathan," and
NACHIMUTHU SOCRATES,

        Defendants.

I N D I C T M E N T

Cr. No. _____

(T. 18, U.S.C., §§
2339B(a)(1), 371,
and 3551 et seq.;
T. 50, U.S.C., §
1705(b))

DEARIE, J.

MATSUMOTO, M.J.

- - - - - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Conspiracy To Provide Material Support
To a Foreign Terrorist Organization)

       1.   In or about and between 2003 and August 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FNU LNU, also known as "Thavarajah Pratheepan," "Raja Pratheepan," "Thambi

Sampras" and "Steeban," MURUGESU VINAYAGAMOORTHY, also known as "Dr. Moorthy" and "Vinayagamoorthy Murugesu," VIJAYSHANTHAR PATPANATHAN, also known as "Chandru," GASPAR RAJ MARIA PAULIAN, also known as "Father Gaspar Raj," NAMASIVAYA VISWANATHAN, also known as "Visvanathan," and NACHIMUTHU SOCRATES, together with others, did knowingly and intentionally conspire to provide material support and resources, as defined in 18 U.S.C. § 2339A(b), including currency and monetary instruments and financial securities, financial services, training, expert advice and assistance, false documentation and identification, communications equipment, facilities, weapons and personnel, to a foreign terrorist organization, to wit: the Liberation Tigers of Tamil Eelam, which has been designated by the Secretary of State as a foreign terrorist organization since October 1997, pursuant to Section 219 of the Immigration and Nationality Act.

(Title 18, United States Code, Sections 2339B(a)(1) and 3551 et seq.)

COUNT TWO
(Conspiracy to Bribe Public Officials)

2. In or about and between April 2004 and March 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FNU LNU, also known as "Thavarajah Pratheepan," "Raja Pratheepan," "Thambi Sampras" and "Steeban" ("THAVARAJAH PRATHEEPAN"), MURUGESU VINAYAGAMOORTHY, also known as "Dr. Moorthy" and "Vinayagamoorthy

Murugesu," GASPAR RAJ MARIA PAULIAN, also known as "Father Gaspar Raj," NAMASIVAYA VISWANATHAN, also known as "Visvanathan," and NACHIMUTHU SOCRATES, together with others, did knowingly and willfully conspire to corruptly give, offer and promise, directly and indirectly, things of value, to wit: quantities of United States currency, to public officials, to wit: federal agents purporting to be officers of the United States Department of State (the "State Department officials"), with intent to influence official acts, to wit: the designation of the Liberation Tigers of Tamil Eelam (the "LTTE") as a foreign terrorist organization, in violation of Title 18, United States Code, Section 201(b)(1)(A).

3. In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants THAVARAJAH PRATHEEPAN, MURUGESU VINAYAGAMOORTHY, GASPAR RAJ MARIA PAULIAN, NAMASIVAYA VISWANATHAN and NACHIMUTHU SOCRATES, together with others, committed and caused to be committed, among others, the following:

OVERT ACTS

a. On or about June 29, 2004, the defendant GASPAR RAJ MARIA PAULIAN met with a prospective financial contributor to discuss the financing of a bribery scheme to remove the LTTE from the foreign terrorist organization list (the "bribery scheme").

b. On or about September 17, 2004, in Staten Island,

New York, the defendants NACHIMUTHU SOCRATES and NAMASIVAYA VISWANATHAN met with one of the State Department officials to discuss the terms and conditions of the bribery scheme.

  c. On or about December 15, 2004, the defendant NACHIMUTHU SOCRATES wrote a $500 check to be given to one of the State Department officials.

  d. On or about April 19, 2005, the defendant NACHIMUTHU SOCRATES gave one of the State Department officials $5,000 in United States currency.

  e. On or about July 7, 2005, in Staten Island, New York, the defendants NACHIMUTHU SOCRATES and GASPAR RAJ MARIA PAULIAN met with one of the State Department officials to discuss the terms and conditions of the bribery scheme.

  f. In or about September 2005, the defendants NAMASIVAYA VISWANATHAN and MURUGESU VINAYAGAMOORTHY traveled to LTTE-controlled territory in Sri Lanka to meet with LTTE officials about the bribery scheme; THAVARAJAH PRATHEEPAN assisted in facilitating the meeting.

  g. On or about September 29, 2005, in Staten Island, New York, the defendants NACHIMUTHU SOCRATES and MURUGESU VINAYAGAMOORTHY met with both of the State Department officials to discuss the terms and conditions of the bribery scheme.

h.  In or about October 2005, the defendants MURUGESU VINAYAGAMOORTHY and THAVARAJAH PRATHEEPAN communicated the proposed terms and conditions of the bribery scheme to LTTE leadership in Sri Lanka.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT THREE
(Conspiracy to Bribe a Public Official)

4.  In or about and between November 2005 and February 18, 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MURUGESU VINAYAGAMOORTHY, also known as "Dr. Moorthy" and "Vinayagamoorthy Murugesu," NAMASIVAYA VISWANATHAN, also known as "Visvanathan," and NACHIMUTHU SOCRATES, together with others, did knowingly and willfully conspire to corruptly give, offer and promise, directly and indirectly, things of value, to wit: quantities of United States currency, to a public official, to wit: a federal agent purporting to be an officer of the United States Department of State (the "State Department official"), with intent to induce the public official to do an act in violation of the lawful duty of that official, to wit: the unauthorized dissemination of classified information, in violation of Title 18, United States Code, Section 201(b)(1)(C).

5. In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants MURUGESU VINAYAGAMOORTHY, NAMASIVAYA VISWANATHAN and NACHIMUTHU SOCRATES, together with others, committed and caused to be committed, among others, the following:

## OVERT ACTS

a. On or about December 2, 2005, the defendant NACHIMUTHU SOCRATES met with the State Department official concerning the purchase of a purported classified intelligence document about fundraising by the Liberation Tigers of Tamil Eelam (the "classified LTTE fundraising document"); SOCRATES gave the State Department official $1,000 in United States currency, and the State Department official permitted SOCRATES to review the document and take notes.

b. On or about December 3, 2005, the defendant NACHIMUTHU SOCRATES contacted the defendant NAMASIVAYA VISWANATHAN and relayed to him the contents of the classified LTTE fundraising document.

c. On or about December 10, 2005, the defendants NAMASIVAYA VISWANATHAN and NACHIMUTHU SOCRATES contacted the defendant MURUGESU VINAYAGAMOORTHY, relayed to him the contents of the classified LTTE fundraising document and discussed

7

establishing an ongoing financial relationship with the State Department official to continue receiving classified information.

      d. On or about and between January 8, 2006 and February 18, 2006, the defendants NAMASIVAYA VISWANATHAN and NACHIMUTHU SOCRATES had multiple telephone conversations about a scheme to obtain classified information relating to VISWANATHAN's detention at an airport in Toronto, Canada by United States law enforcement officials.

      e. On or about February 18, 2006, in Staten Island, New York, the defendant NACHIMUTHU SOCRATES met with the State Department official about viewing a purportedly classified document concerning the detention of the defendant NAMASIVAYA VISWANATHAN at the Toronto airport.

      f. On or about February 18, 2006, in a meeting in Staten Island, New York, the defendant NACHIMUTHU SOCRATES gave the State Department official $1,000 in United States currency, and the State Department official permitted SOCRATES to review the contents of the purportedly classified document about the defendant NAMASIVAYA VISWANATHAN's detention; SOCRATES then placed a telephone call to VISWANATHAN, gave the telephone to the State Department official, and the State Department official relayed the contents of the classified document to VISWANATHAN.

      (Title 18, United States Code, Sections 371 and 3551 <u>et seq</u>.)

## COUNT FOUR
(Dealing in the Property of a
Specially Designated Terrorist)

6. In or about and between January 2005 and April 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MURUGESU VINAYAGAMOORTHY, also known as "Dr. Moorthy" and "Vinayagamoorthy Murugesu," and NAMASIVAYA VISWANATHAN, also known as "Visvanathan," together with others, did knowingly and willfully deal in property of a specially designated terrorist, to wit: the Liberation Tigers of Tamil Eelam (the "LTTE"), by making and receiving a contribution of funds that were used to purchase items for the benefit of the LTTE to wit: international airline tickets, in violation of 31 C.F.R. § 595.204.

(Title 50, United States Code, Section 1705(b); Title 18, United States Code, Sections 2 and 3551 *et seq*.)

A TRUE BILL

_____
FOREPERSON

_____
ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

Case 1:06-cr-00616-RJD-JO   Document 1   Filed 09/14/06   Page 9 of 14 PageID #: 52

## INFORMATION SHEET

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1. Title of Case: **United States v. FNU LNU, et al.**

2. Related Magistrate Docket Number(s): **M-06-887**

    None ( )

3. Arrest Date: **8/19/06**

4. Nature of offense(s):   ☒  Felony
                          ☐  Misdemeanor

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules): **Cr No. 06-606 (RJD)**

6. Projected Length of Trial:   Less than 6 weeks   ( )
                                More than 6 weeks   (X)

7. County in which crime was allegedly committed: <u>Queens, Richmond</u>
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Has this indictment/information been ordered sealed?   ( ) Yes  (X) No

9. Have arrest warrants been ordered?   ( ) Yes  (X) No

                                        ROSLYNN R. MAUSKOPF
                                        UNITED STATES ATTORNEY

                                By:     _____
                                        Jeffrey H. Knox
                                        Assistant U.S. Attorney
                                        718-254-7581

Rev. 3/22/01

Calendar Minutes
On GRAND JURY PRESENTMENT

BEFORE MAGISTRATE  Mann          DATE 9-14-06

1. The Grand Jury of JANUARY 23, 2006 handed up
   __5__ indictment(s) which were ordered filed by the court.
   (number)

2. __0__ indictment(s) were ordered sealed by the court.

3. __2__ arrest warrant(s) were ordered by the court.

The grand jury there upon

_____ returned for further deliberations
_____ was dismissed with the thanks of the court

Date: 9-14-06

United States Magistrate  MANN

Questions to be asked at grand jury presentments:

(1) What is the name of the grand jury in session? 1-23-06

(2) How many indictments are being handed up? 5

(3) Indictments to be sealed? Yes ✓    No ___

(4) Any warrants to be issued? Yes

If so, list names unless sealed.

_____    _____
_____    _____
_____    _____

5) Is the grand jury retiring for further deliberations or have they completed their business?

    Continuing ✓ _____

    Completed _____

F. #2006R01615

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

MURUGESU VINAYAGAMOORTHY et al.,

    Defendants.

- - - - - - - - - - - - - - - - -X

O R D E R

Cr. No. 06-616 (RJD)

SEP 19 2006

    Upon the application of ROSLYNN R. MAUSKOPF, United States Attorney for the Eastern District of New York, by Assistant United States Attorney Jeffrey H. Knox, who advises the Court that (1) the Indictment in the above-captioned case should have been filed under seal because multiple defendants have not been arrested and are fugitives, and (2) the defendants who have been arrested are MURUGESU VINAYAGAMOORTHY, also known as "Dr. Moorthy" and "Vinayagamoorthy Murugesu," VIJAYSHANTHAR PATPANATHAN, also known as "Chandru," and NACHIMUTHU SOCRATES,

    IT IS HEREBY ORDERED that the Indictment be filed under seal;

    IT IS FURTHER ORDERED that a redacted version of the Indictment in the above-captioned case that omits identifying information pertaining to the defendants who have not been arrested be unsealed and provided to defense counsel;

IT IS FURTHER ORDERED that the Indictment remain sealed as to the defendants who have not been arrested.

Dated:   Brooklyn, New York
         September 19, 2006

*James Ornstein*

---
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK